UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LA'KEYA KEO, <br><br> Plaintiff, <br><br> v. <br><br> WELLSPAN YORK HOSPITAL, <br><br> Defendant. | CIVIL ACTION NO. 1:24-CV-01789 <br><br> (MEHALCHICK, J.) |

**ORDER**

Presently before the Court is the June 16, 2025, Report and Recommendation of Magistrate Judge Martin C. Carlson ("the Report") (Doc. 19), recommending the Court dismiss Plaintiff La'Keya Keo's ("Keo") *pro se* second amended complaint because Keo failed to file a signed pleading, Keo's claims are time-bared, and Keo fails to allege she exhausted her administrative remedies. The Report informed Keo that she had 14 days to file an objection. (Doc. 19, at 14). On July 7, 2025, Keo filed a motion to continue which the Court interpreted as a late-filed request for an extension of time to file an objection. (Doc. 20; Doc. 21). The Court gave Keo until July 21, 2025, to file an objection. (Doc. 21). On July 21, 2025, Keo then filed a document entitled "Motion to Continue Granted" which the Court will interpret as an objection to the Report consistent with the Supreme Court's rule to liberally construe *pro se* pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating "[a] document filed *pro se* is 'to be liberally construed'") (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Based on the Court's review of this filing along with the Report, Keo's objection (Doc. 22) is **OVERULED**, and the Report will be **ADOPTED IN ITS ENTIRETY**.

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and

recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a Report and Recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

Since the Report correctly states the procedural and factual background of this case, it will not be repeated in its entirety here. (Doc. 19). However, the necessary background for the purpose of the instant Order is as follows. Keo initiated this *pro se* action by filing a complaint on October 18, 2024. (Doc. 1). Keo filed the operative second amended complaint on March 17, 2025. (Doc. 14). The second amended complaint alleges Defendant Wellspan York Hospital ("Wellspan") discriminated and retaliated against Keo on the basis of her race, gender, age, religion, and pregnancy in violation of Title VII. (Doc. 14). The alleged employment discrimination and retaliation occurred in 2012. (Doc. 14, at 2). Judge Carlson recommended that the second amended complaint be dismissed because Keo has failed to file a signed pleading despite being ordered to do so, Keo's employment discrimination and

retaliation claims are time-barred, and Keo has not indicated whether she filed a timely administrative charge in order to exhaust her administrative remedies. (Doc. 19, at 8-14). Judge Carlson further recommended that the second amended complaint be dismissed with prejudice because Keo had already been afforded two opportunities to file an amended complaint but has failed to state a claim. (Doc. 19, at 13-14). Keo's objection requests the Court allow this action to continue because her claims are "more than enough to continue," she is unable to obtain counsel, and she is currently undergoing financial difficulties. (Doc. 22). This objection does not respond to Judge Carlson's findings.

After reviewing the relevant filings, the Court finds no error in Judge Carlson's conclusion that Keo's second amended complaint should be dismissed with prejudice. (Doc. 19). The Court finds Judge Carlson's analysis to be well-reasoned and supported by the applicable law. (Doc. 19). Courts in this Circuit have held that even though *pro se* pleadings must be liberally construed, "courts should not assume the role of advocate and dismissal is proper where claims are supported only by vague and conclusory allegations." *Coley v. Beard*, No. CIVA 3:05CV2290, 2006 WL 1670253, at *5 (M.D. Pa. June 13, 2006). Courts overrule objections when they lack legal foundation and are "more commentary than recognizable substantive objection." *Coley*, 2006 WL 1670253, at *4 (overruling *pro se* objections that are vague and unintelligible and stating "[p]laintiff's filings are more in the nature of a fishing expedition where he would have the [c]ourt accept as factual allegations what are more accurately characterized as bald assertions or legal conclusions and assume the role of advocate in fashioning a legal theory for him."); *see also Booker v. Shannon*, No. CIV.A. 00-CV-2055, 2003 WL 22872039 (E.D. Pa. Dec. 2, 2003) (overruling objections where they are "vague" and without facts to establish legitimacy of legal conclusions). Keo's objection is

3

more a commentary than a substantial objection. (Doc. 22). Accordingly, the Court agrees with Judge Carlson's conclusion that Keo's second amended complaint should be dismissed. (Doc. 19).

The Court finds no clear error in the Report recommending that leave to amend be denied. (Doc. 19, at 13-14). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp*, 293 F.3d 103, 108 (3d Cir. 2002). Granting leave to amend would be futile here because Keo's claims are time barred and Keo has already been afforded two opportunities to file an amended complaint. *See Angle v. Hayes*, 584 F. App'x 34, 35 (3d Cir. 2014) (non-precedential). As such, the Court adopts with the Report's recommendation to deny leave to amend. (Doc. 19, at 13-14).

The Court agrees with the Report's sound reasoning and discerns no error of law. Accordingly, **IT IS HEREBY ORDERED THAT** the Report (Doc. 19) is **ADOPTED IN ITS ENTIRETY** as the opinion of the Court. As Keo is denied leave to amend, the Clerk of Court is directed to **CLOSE** this case.

**Dated: August 28, 2025**              *s/ Karoline Mehalchick*
                                       **KAROLINE MEHALCHICK**
                                       **United States District Judge**